

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL BANKHEAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-605-A |
| | § | |
| LIFEGUARD AMBULANCE SERVICE | § | |
| OF TEXAS D/B/A LIFEGUARD | § | |
| AMBULANCE SERVICE, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Lifeguard Ambulance Service of Texas d/b/a Lifeguard Ambulance Service, LLC ("Lifeguard"), and Air Medical Group Holdings, Inc. ("Air Medical"), for summary judgment. The court, having considered the motion, the response of plaintiff, Michael Bankhead, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On July 25, 2018, plaintiff filed his original complaint in this action. Doc.[1] 1. In it, he alleges:

Plaintiff began working for Lifeguard in May 2016. Doc. 1 ¶ 11. Plaintiff was treated differently and discharged after he became injured on or around January 13, 2017, and presented his

---

[1] The "Doc. ___" reference is to the number of the item on the docket in this action.

medical records showing that he has Type II diabetes and some associated complications and needed an accommodation to recover from an ankle injury. Id. ¶ 12. Other employees who have had absences were not terminated. Id. ¶ 22.

Plaintiff asserts claims against Lifeguard under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA"), and against both defendants for intentional infliction of emotional distress, negligent supervision, training and retention, and for wrongful discharge.[2]

II.

Grounds of the Motion

Defendants maintain that plaintiff cannot establish a genuine fact issue with regard to any of this claims. Specifically, he cannot show that he had a disability under the ADEA. Nor can he show that he is entitled to proceed on any of his state law claims.

III.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ.

---

[2]Plaintiff does not allege any facts to show a relationship between him and Air Medical.

2

P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. <u>Id.</u> at 324; <u>see also</u> Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986). In <u>Mississippi Prot. & Advocacy Sys., Inc. v. Cotten</u>, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not,

3

as a whole, lead a rational trier of fact to find for
the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[3] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Undisputed Facts[4]

The record establishes the following undisputed facts:

Lifeguard is a nationwide company providing air and ground ambulance services. Doc. 29 at APP 001. Lifeguard has specific policies concerning attendance and punctuality of employees. Id. Employees must report to their shifts regularly and be on time. Id. at APP 002. Plaintiff began working for Lifeguard on May 9,

---

[3] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

[4] Plaintiff filed an appendix along with his response to the motion for summary judgment. Doc. 31. The appendix should have been stricken for a number of reasons. It is not signed by plaintiff's counsel and it does not contain tabs or highlighting as required by the court's August 30, 2018 status report order. Doc. 16. More importantly, none of the documents included in the appendix in response to the motion are verified or authenticated. They do not constitute proper summary judgment evidence. Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 191 (5th Cir. 1991).

2016, as a paramedic. Id. On August 24, 2016, plaintiff received a written warning for being absent from his shifts on May 17, June 10, August 9, and August 21, 2016. Id. APP 082. On December 2, 2016, plaintiff received a corrective action form noting that he had been absent on November 29, 2016, and that the problem was a recurring one. Id. at APP 084.

On January 13, 2017, plaintiff was scheduled to work a 24-hour shift beginning at 8:00 a.m. Doc. 29 at APP 002. Plaintiff failed to report to work or call his immediate supervisor. Id. His manager attempted to contact plaintiff but could not reach him. He also attempted to contact plaintiff's emergency contact person but was unable to reach her. Later in the day, plaintiff contacted his manager to say that he had injured his ankle when he slipped on ice on his way to work. Id.

On January 16, 2017, Lifeguard's human resources manager attempted to contact plaintiff. She followed up with an email advising plaintiff that she would need documentation regarding his medical condition and that he did not qualify for leave under the Family and Medical Leave Act since he had been employed for less than 12 months. Doc. 29 at APP 003; APP 090-091. The email cautioned that plaintiff's employment status was pending a decision as to whether his absences were approved. Id. at APP 091. On January 18, 2017, the human resources manager again

emailed plaintiff, saying that she had expected to hear from him regarding his work status and since she had not, plaintiff had been removed from his next scheduled shift. Id. at APP 092. Ultimately, the human resources manager reviewed medical documentation provided by plaintiff and determined that he had suffered a minor injury. Taking into consideration plaintiff's prior attendance issues, his employment was terminated effective January 26, 2017. Id. at APP 004, 094, 096.

On March 27, 2017, plaintiff filed a charge of discrimination. Doc. 29 at APP 097. He alleged discrimination based on disability. Id. He stated that he was injured in January 2017 and could not walk. He provided requested medical information but was terminated for absenteeism. Others were not discharged for absenteeism or similar reasons as he was; accordingly, he believed he was discharged due to his disability. Id.

V.

Analysis

A prima facie case under the ADA requires a plaintiff to plead that: (1) he is a qualified individual within the meaning of the ADA; (2) he was excluded from participation, or denied benefits, or otherwise discriminated against by the defendant; and (3) the exclusion, denial, or discrimination was because of

his disability. Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011). A disability under the ADA is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The impairment's impact must be permanent or long term. Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 198 (2002). An impairment does not include a transitory injury that has no permanent effect on the plaintiff's health. Williamson v. Am. Nat'l Ins. Co., 695 F. Supp. 2d 431, 448 (S.D. Tex. 2010). A broken leg is a standard example of an intermittent episodic injury not constituting an impairment for purposes of the ADA. Vande Zande v. Wisc. Dep't of Admin., 44 F.3d 538, 544 (7th Cir. 1995); Street v. Maverick Tube Corp., No. 4:15-CV-2736, 2016 WL 5711338, at *6 (S.D. Tex. June 17, 2016), adopted, 2016 WL 3948106 (July 19, 2016)(broken foot and limp for several weeks not a disability under the ADA).

In this case, plaintiff has not shown that he suffered from a disability under the ADA. In fact, he pleaded that his injury was only temporary. Doc. 1 ¶¶ 14-17 (plaintiff injured his foot on January 13, 2017, wore a boot to stabilize his ankle, and was cleared to return to work on January 26, 2017). In his summary judgment response, he mentions that he has diabetes. Doc. 30 at

7

9. But, even if true, simply having a diagnosis does not amount to proof that one has an impairment under the ADA. See Griffin v. United Parcel Serv., Inc., 661 F.3d 216, 223 (5th Cir. 2011).

Even if plaintiff could show that he was a qualified individual, and he cannot, he has not shown that he was terminated because of a disability. Rather, the record establishes that plaintiff was terminated for excessive absences from work.

B.  Intentional Infliction of Emotional Distress

As defendants point out, intentional infliction of emotional distress is a "gap-filler tort," judicially created to allow recovery in the rare case where a defendant intentionally inflicts severe emotional distress in such an unusual manner that no other theory of recovery is available to the victim. Doc. 18 at 9 (citing McNamee v. Cellular Sales of Tex., No. 4:13-CV-741-A, 2014 WL 97390, at *3 (N.D. Tex. Jan. 9, 2014)). Such claim is not available here, where the underlying conduct is covered by another statutory scheme. Hoffmann-LaRoche, Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004). And, in any event, plaintiff has not pleaded, much less come forward with evidence to show, that defendants caused him severe emotional distress of any kind. Plaintiff apparently agrees as he makes no response to this ground of the motion.

C.  Negligent Supervision, Training, and Retention

Texas law is clear that statutory-based employment discrimination claims are not independently actionable common law torts. Staples v. Caremark, LLC, No. SA-08-CV-831-XR, 2009 WL 3634079, at *5 (W.D. Tex. Oct. 29, 2009). Here, plaintiff has not pleaded or made any attempt to show that any alleged wrongdoing by defendants' employees was other than employment related discrimination. Again, plaintiff apparently agrees as he makes no response to this ground of the motion.

D.  Wrongful Discharge

Plaintiff's wrongful discharge claims are identical to his ADA claim and must be dismissed for the same reasons. Westfall v. GTE North, Inc., 956 F. Supp. 707, 718 (N.D. Tex. 1996).[5] Plaintiff makes no response to this ground of the motion, apparently agreeing with defendants' analysis.

E.  Plaintiff's Alternative Request for Relief

At the conclusion of his response, plaintiff includes an "alternative request for relief under FRCP 56(d)." Doc. 30 at 14. The court is not granting the request. Plaintiff was specifically instructed in the court's order setting schedule and providing special pretrial instructions that motions for continuance

---

[5] As defendants note, plaintiff's complaint mentions Title VII, but he has not asserted any such claim. It does not appear that he exhausted any remedies in that regard so such a claim would not be appropriate. See Chhim v. Univ. of Tex., 836 F.3d 467, 472 (5th Cir. 2016).

pursuant to Fed. R. Civ. P. 56(d) must be filed separately and not included in a summary judgment response. Doc. 19 ¶ 1. Further, even had the court not so instructed, the title of plaintiff's response fails to identify that it includes a motion. See Local Civil Rule LR 5.1(c). But, more importantly, the request does not meet the requirement of Rule 56(d) that plaintiff show by affidavit or declaration that for specified reasons he cannot present facts essential to justify his opposition to the motion. Here, his attorney simply says that plaintiff's deposition is scheduled for June 19, 2019, and the discovery deadline is July 15, 2019. Doc. 31 at App 23. Further, she says, "[W]e are asking for an extension in case there is a need to request other documents or make other requests after Plaintiff's deposition." Id. Neither the declaration nor plaintiff's response to the summary judgment motion identifies any fact that plaintiff cannot present to justify his opposition to the motion.

VI.

Order

The court ORDERS that defendants' motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against defendants; and that such claims be, and

10

are hereby, dismissed with prejudice.

SIGNED July 3, 2019.

_____
JOHN McBRYDE
United States District Judge